### SCHUSTER v. BROWN.
Patent Appeal No. 3246.

Court of Customs and Patent Appeals.
March 7, 1934.

Morrison, Kennedy & Campbell, of New York City (Luther E. Morrison and Donald Campbell, both of New York City, of counsel), for appellant.

374

Albert L. Ely, of Akron, Ohio (J. Ralph Barrow, of Akron, Ohio, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences awarding priority of invention to appellee upon the three counts of the interference, which counts read as follows:

"1. The combination with an element of magnetic material over which non-magnetic material may be continuously passed, of an electro-magnet having an open magnetic circuit, means movably mounting said magnet adjacent said element so that its magnetic circuit may be completed through said element across the gap caused at any instant by the thickness of the passing material.

"2. Apparatus for progressively gaging or indicating correctness or deviation of thickness of a layer or web of fabricated sheet material progressively advanced through the apparatus, comprising a gaging magnet member having an energizing coil, and a gaging armature member, said members located at the opposite sides of the path of the layer of material to be gaged, means supporting one of said members under yielding pressure toward the other member whereby the members are mechanically held apart to an adjustable degree by the interposed material advancing between them, an alternating current circuit connected with said magnet coil, and a current responsive thickness indicator operatively connected with said circuit; whereby deviations in the thickness of the advancing layer of material, causing variations of the inductive reactance in the coil, and therefore of the current in said circuit, are indicated on said indicator.

"3. The combination with a support of magnetic material over which non-magnetic material may be continuously passed, of electromagnetic means adapted to ride upon said material whereby it is positioned from said support a distance at any instant equal to the thickness of the material on which it rides, said support constituting a part of the electromagnetic field for said means, and means for manifesting variations in the flow of electricity in the circuit of said electromagnetic means caused by variations in the thickness of said material."

The invention in issue is sufficiently described in count 2.

The application of appellant was filed October 22, 1927; that of appellee was filed April 5, 1926. Appellant is, therefore, the junior party.

Count 1 was originally made by appellee; count 2 was originally made by appellant. The interference was originally declared upon said counts 1 and 2. Later, over the objection of appellant, count 3 was added to the issue upon motion of appellee and the interference was redeclared upon the three counts now before us.

It appears from the decision of the Examiner of Interferences that appellant moved to dissolve the interference as to counts 1 and 2, and, as above noted, opposed the admission of count 3. Said motion is not contained in the record.

The grounds of said motion to dissolve and opposition to the admission of count 3, as stated in the decision of the Examiner of Interferences, were that counts 1 and 3 were unpatentable over the prior art; that count 2 cannot be made by appellee for lack of sufficient disclosure; and that appellee's device is inoperative. The motion to dissolve was denied and the motion to amend by adding count 3 was granted.

No testimony was taken by either party. Appellant filed a notice that in lieu of taking testimony he would rely upon the grounds and reasons raised by him in his motion to dissolve the interference and his opposition to appellee's motion to add count 3. Appellee thereupon moved for judgment upon the record, which motion was granted and priority of invention was awarded to appellee.

Appellant appealed from such decision to the Board of Appeals. In its decision the Board affirmed the decision of the Examiner of Interferences, but discussed only count 2 and the operativeness of appellee's device.

Before us appellant does not contend that priority of invention should be awarded to him as to counts 1 and 3, but only that it should not be awarded to appellee for the reason that (1) in his view, if the counts be broadly construed, they are unpatentable over the prior art; (2) that the counts are invalid because inoperatively vague and incomplete; and (3) that appellee's disclosure is inoper-

ative and therefore he has no right to make claims corresponding to said counts 1 and 3.

■ With respect to alleged nonpatentability of counts 1 and 3 in view of the prior art, or upon the ground that the counts are so broad that neither party can make them, we hold, in accordance with the well-established rule, that these are questions that cannot be considered by us in an appeal from an award of priority in an interference proceeding. Gowen v. Hendry & King, 37 F.(2d) 426, 17 C. C. P. A. 789; Broadmeyer v. Lindbladh, 47 F.(2d) 381, 18 C. C. P. A. 1004; Dreyfus v. Lilienfeld, 49 F.(2d) 1055, 18 C. C. P. A. 1526.

■ Appellant further contends that if count 3 be narrowly construed so as to avoid the prior art, then with respect to one element thereof, construed as meaning that the indicator or meter is "in the circuit of said electromagnetic means," said element does not read upon appellee's disclosure but does read upon the disclosure of appellant; he furthermore contends that if the element which states in effect that the magnet is positioned from the supporting armature by a distance which is "equal to the thickness of the material" be narrowly construed so as to avoid the prior art, said element reads upon appellee's disclosure but does not read upon the disclosure of appellant. It is sufficient to say, with respect to these contentions, that, so far as appears, the tribunals of the Patent Office gave to these elements a broad construction; therefore, for the reasons hereinafter pointed out, we may not give to these elements a narrow construction in order to avoid the prior art, and, as hereinbefore pointed out, whether the counts as construed by the board are unpatentable is not a question to be considered in this proceeding.

Appellant's principal contention with respect to count 2 is that it does not read upon appellee's disclosure.

It would not be practicable to describe the structures of the respective parties without the use of drawings in order to convey the differences between them, and we will content ourselves with the statement that count 2, broadly construed, in our judgment reads upon appellee's disclosure. Each of the elements of count 2, when broadly construed, clearly appears in appellee's specification and drawings. Each of the parties sought the solution of the same problem, and each solved it in a way described by the count, although the structures developed by them in reaching the solution were somewhat different.

Appellant also contends that if count 2 be construed so broadly as to read upon appellee's disclosure, it is unpatentable in view of the prior art, and he therefore urges that the count be narrowly construed in the light of appellant's disclosure. In his brief he states:

"In Robbins v. Steinbart, 57 F.(2d) 378, 380, 19 C. C. P. A. 1069, this Court was presented with the argument that to avoid the prior art and sustain validity the appellant Robbins' interpretation must be given to the counts. While not passing on the point the Court recognized it, stating 'As far as we know this question was not considered by the tribunals below, and it certainly has not been sufficiently briefed nor discussed here to justify our consideration of it.' We raised the point below and have briefed it here."

However, since our decision in said case, we have had occasion to consider this question. In the case of Marshall & Levandosky v. Ledwinka, 67 F.(2d) 495, 497, 21 C. C. P. A. ——, after citing the case of Brogden v. Slater, 40 F.(2d) 988, 17 C. C. P. A. 1240, we said:

"We said in the case last cited that, had the Board of Appeals narrowly construed the claims and held that if broadly construed they would not be patentable, a different question would be presented. A like observation is applicable here. So far as this case is concerned, the count as construed by the Board must be regarded as patentable, and therefore there is no occasion here for the application of the rule contended for by appellants, that the count must be given a narrower construction than that given it by the Board to avoid anticipation by the prior art.

"Whether the count, as construed by the Board, is in fact patentable is a matter for ex parte consideration by the Patent Office tribunals, and cannot be inquired into upon this appeal. Gowen v. Hendry et al., 37 F. (2d) 426, 17 C. C. P. A. 789; Brogden v. Slater, supra."

It appears from the decision of the Board of Appeals in the case at bar that said count 2 was broadly construed by it, and we are not at liberty, under the cases cited, to give the count a narrow construction in order to avoid the prior art.

■ With respect to the operativeness of appellee's device, both the Examiner of Interferences and the Board of Appeals held that it does not appear that it is inoperative. Appellant took no testimony to establish inoper-

ativeness of appellee's device, and, from a careful examination of appellee's specification and drawings, we are not convinced that appellee's device is inoperative. Appellant points out that, during the amendment stage of appellee's application, appellee made the following statement:

" * * * The magnetizing current will vary to maintain the flux constant only under certain conditions. These conditions are not present in applicant's device. This maintenance of flux value by the increase of the current has been obviated in applicant's device by ·imposing in the supply current line a sufficiently high value resistance to prevent an increase in current when the gap of the transformer is increased. Thus, the result set forth in the claims, namely, varying of the flux proportionately to the varying of the transformer gap, is obtained."

We do not think that this statement should be considered as an admission that appellee's specification and drawings disclose that his device would be inoperative. Neither of the Patent Office tribunals so regarded such statement.

As each of the Patent Office tribunals concurred in finding that inoperativeness of appellee's device is not apparent, the rule is applicable that we will not disturb such finding unless manifestly wrong. As above stated, we are not convinced that appellee's device is inoperative.

We find no error in the decision of the Board of Appeals and it is affirmed.

Affirmed.